**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES R. JONES,

       Plaintiff-Appellant,

and

RONNIE R. WHITE; LEW A.
PRICKETT,

       Plaintiffs,

v.

THE NORDAM GROUP, INC.,

       Defendant-Appellee.

No. 12-5002
(D.C. No. 4:09-CV-00146-GKF-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

James R. Jones appeals from the district court's order granting summary judgment on his claims for unlawful age discrimination in favor of his former employer, the NORDAM Group, Inc. ("NORDAM"). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

NORDAM manufactures and repairs parts and interiors for aircraft. The company is divided into several divisions. The NORDAM Transparency Division ("NTD") manufactures transparent parts, such as windows, flight simulator screens, and helicopter bubbles. The NTD is further divided into departments, which include the Maintenance Department and the Production Department. NORDAM presented evidence that it periodically reduced its NTD workforce in 2008 and early 2009 after one of its major customers reduced its orders and eventually went bankrupt. *See* Aplee. Supp. App. at 114, 139-40, 145. Thirty-nine NTD employees lost their jobs at NORDAM during that time period. *See id.* at 114.

James R. Jones and the two other plaintiffs, Ronnie R. White and Lew A. Prickett, lost their jobs at NORDAM in 2008. Prior to the first reduction in force ("RIF") on July 24, 2008, Mr. Jones and Mr. Prickett had each worked for a number of years as a Maintenance Mechanic A ("MMA") in NTD Maintenance, where they and two other MMAs were supervised by Mr. White. Mr. Jones testified at his deposition that he was transferred to Production, where he had no prior experience, a week or so before the July 24, 2008 RIF. *Id.* at 150, 154-55, 157. He said that a few

weeks before the transfer, *see id.* at 155, he had told Jennifer Darling in Human Resources ("HR") that he would like to transfer to Production because he "felt like [he] wasn't getting either the consideration or the respect in the maintenance department that [he] should get," *id.* at 152. He discussed a transfer with Kenny McCollum, a supervisor in the Production department. *Id.* at 154-55. Mr. Jones stated that after the transfer, he "reported to" and "worked for" Bert Freeman, who was a "lead" in Production. *Id.* at 150-51.

Mr. Jones and Mr. Prickett were terminated on July 24, 2008, and Mr. White was terminated on September 10, 2008. All were at least fifty-six years old at the time of discharge. The two other MMAs—both considerably younger employees— were retained when Mr. Jones and Mr. Prickett were terminated. Aplt. App. at 276-77. Although NORDAM said that Maintenance positions were being eliminated, Mr. Jones produced evidence showing that another NORDAM employee under a different title immediately assumed almost all of Mr. White's supervisory duties, and that other employees filled the two MMA positions vacated by Mr. Jones and Mr. Prickett after Mr. White was terminated. *Id.* at 201-02, 212-13, 230, 234, 253.

NORDAM presented evidence that Ron Kuegler, the Production manager, made the decision to terminate Mr. Jones. He had ranked Mr. Jones last among his Production employees in terms of skills and experience. Aplee. Supp. App. at 276-78, 280, 283, 285-86. Eric Clower, who had become the Acting Director of

- 3 -

Operations for Transparency a few days before the first RIF, made the decision to terminate Mr. Prickett and Mr. White. *Id.* at 220, 225-27.

Plaintiffs filed a joint complaint alleging that NORDAM's purported reason for their terminations was a reduction in force, but that NORDAM filled their Maintenance positions with younger, less experienced employees. They claimed that NORDAM had violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-34, and Oklahoma public policy regarding wrongful discharge, *see Burk v. K-Mart Corp.*, 770 P.2d 24, 29 (Okla. 1989). NORDAM filed a separate motion for summary judgment as to each plaintiff. Plaintiffs filed a joint response. After a hearing, the district court orally granted summary judgment in favor of NORDAM against Mr. Jones and denied the other two motions. Mr. Prickett and Mr. White settled with NORDAM and are not parties to this appeal. Mr. Jones appeals.

## II. DISCUSSION

"We review a district court's grant of summary judgment de novo, applying the same legal standard as the district court." *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 997 (10th Cir. 2011). "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "In applying this standard, we view the evidence and the reasonable inferences to be drawn from the evidence in the light most favorable to the nonmoving party." *Id.*

- 4 -

The ADEA makes it "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of* such individual's age." 29 U.S.C. § 623(a)(1) (emphasis added). The Supreme Court has clarified that the phrase "because of" requires but-for causation. *Jones v. Okla. City Pub. Schs.*, 617 F.3d 1273, 1277 (10th Cir. 2010) (discussing *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009)). We have said that, consistent with *Gross*, "an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as age was the factor that made a difference." *Id.* (internal quotation marks omitted).

Where, as here, "there is no direct evidence of discrimination, . . . we evaluate [the appellant's] ADEA claim using the three-step framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)." *Simmons v. Sykes Enters., Inc.*, 647 F.3d 943, 947 (10th Cir. 2011). "Under this framework, the plaintiff must initially establish a prima facie case of discrimination." *Id.* "If the plaintiff establishes a prima facie case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its action." *Id.* "Should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.*

- 5 -

The parties agree that Mr. Jones made out his prima facie case of discrimination and that NORDAM proffered a nondiscriminatory reason for his termination—that he had the least experience and skills in the Production job to which he had recently been transferred. The parties dispute whether Mr. Jones showed that NORDAM's proffered reason for his termination was a pretext for age discrimination.

We have recognized that "[o]ur relevant inquiry for determining pretext is whether the employer's stated reasons were held in good faith at the time of the discharge, even if they later prove to be untrue." *Id.* We will find pretext only if "plaintiff can show that the employer's explanation was so weak, implausible, inconsistent or incoherent that a reasonable fact finder could conclude that it was not an honestly held belief but rather was subterfuge for discrimination." *Id.* at 947-48 (internal quotation marks omitted). It is important to note that "[i]n making this determination we look at the facts *as they appear to the person making the decision to terminate*." *Id.* at 948 (emphasis added) (internal quotation marks omitted). We are not "a super personnel department that second guesses employers' business judgments." *Id.* (internal quotation marks omitted).

In his summary judgment opposition and his brief here, Mr. Jones fails to acknowledge his own deposition testimony stating that he had been transferred to Production—at his request—several days before the RIF. He does not acknowledge that our standard of review requires us to focus on the person who made the

- 6 -

termination decision, Ron Kuegler, the Production manager. Mr. Jones does not argue that someone other than Mr. Kuegler decided to terminate him. He also does not contest his last-place ranking in terms of skills and experience in his Production job. And he conceded in the district court that "in 2008 the NTD suffered a decline in business volume that justified a RIF in production personnel." Aplt. App. at 113 (emphasis in original). Rather, he argues in this appeal that he was still assigned to Maintenance when he was terminated and that NORDAM's actions therefore demonstrate pretext.

Mr. Jones points to evidence adduced from Jennifer Darling, the HR employee with hands-on responsibility for the July 24, 2008 RIF. Aplt. App. at 158. Ms. Darling sent an email on that day indicating that Mr. Jones was assigned to Maintenance and was supervised by Ron White. *Id.* at 141. She later testified at her deposition that Mr. Jones already had been voluntarily and permanently transferred to Production before July 24. Aplee. Supp. App. at 238.

The district court ruled that Mr. Jones was no longer an MMA in NTD Maintenance at the time of his termination, but was working instead in the Production department and was chosen for the RIF by a Production manager because he had the least skills and experience compared to the other Production employees. Although Ms. Darling testified at her deposition that Mr. Jones had been moved into a Production position but "was still formally titled as a Maintenance Mechanic A," Aplee. Supp. App. at 238, Mr. Jones was unable to contest that he had been

transferred and was working in Production when he was fired.  He was also unable to contest that Production manager Kuegler made the termination decision.

The reason Mr. Kuegler gave for including Mr. Jones in the RIF is nondiscriminatory, and Mr. Jones has offered no evidence to show that the reason lacked good faith.

The judgment of the district court is AFFIRMED.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge